a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| KEITH MORRIS CREAR #57144-177, Plaintiff | CIVIL DOCKET NO. 1:20-CV-01410 SEC P |
| VERSUS | JUDGE JOSEPH |
| H JONES ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint (ECF Nos. 3, 11) filed by *pro se* Plaintiff Keith Crear ("Crear") (#57144-177) under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*.[1]  Crear is an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Atwater, California. Crear complains that he was subjected to cruel and unusual punishment and denied medical care while incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").

Because Crear's Complaint (ECF Nos. 3, 11) is untimely, it should be DENEID and DISMISSED WITH PREJUDICE.

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

1

I.   Background

Crear alleges that, on August 19, 2019, Officers Jones and Weinstein repeatedly slammed his hand "in the food box lid" and tried to lock the box with Crear's hand inside. ECF No. 11 at 3. Crear alleges that his hand was swollen, bleeding, and "black and blue" after the incident. *Id.* Crear claims that the two officers, along with Officer Ulatoski refused to allow him to get medical care for the injury.

II.  Law and Analysis

   A.   Carter's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

As a prisoner seeking redress from an officer or employee of a governmental entity, Carter's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis* (ECF No. 13), Carter's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. Also, "[w]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915." *Gonzales v. Wyatt*, 157 F.3d 1016, 1019–20 (5th Cir.1998) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)).

### B. Crear's Complaint is untimely.

Crear seeks recovery under *Bivens*. The statute of limitations for a *Bivens* action is borrowed from state law. *See Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. *See* La. Civ. Code Ann. art. 3492; *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

Federal law determines when a *Bivens* cause of action accrues. *See United Klans of America v. McGovern*, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). A cause of action accrues under federal law when the plaintiff knows or has reason to know of the injury that is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999).

Crear knew of his injury on August 19, 2019, the date that the incident allegedly occurred. Crear had one year from that date, or until August 19, 2020, within which to file suit under *Bivens*. Crear filed this suit in the United States District Court for the Northern District of Texas on October 27, 2020. Therefore, the statute of limitations expired before the suit was filed.

Equitable tolling may apply to cases filed under *Bivens* for the time spent properly exhausting BOP administrative remedies. *See Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002). However, Crear states that he did not pursue administrative remedies. ECF No. 11 at 2. Therefore, equitable tolling is not applicable.

### III. Conclusion

Because Crear did not file suit within one year of the alleged constitutional violation, IT IS RECOMMENDED that his Complaint (ECF Nos. 3, 11) be DENIED and DISMISSED as time-barred under §§ 1915 and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, January 28, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE